**THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

GEORGE JANUS, )
)
        Plaintiff, )
)
    v. )
) No. 04-3502-CV-S-FJG
LIBERTY LIFE ASSURANCE )
COMPANY OF BOSTON, )
)
        Defendant. )

**ORDER**

Pending before the Court is defendant's motion to strike (Doc. No. 16).

Defendant moves to strike plaintiff's "affidavit" of Dr. Leonard Bridges (Doc. No. 14).[1]

Plaintiff filed no response to the pending motion.

As discussed in defendant's motion, the pending case is a "claim for benefits

due" under § 1132(a)(1)(B) of ERISA. Where, as in this case, the ERISA plan gives

"the administrator or fiduciary discretionary authority to determine eligibility for benefits

or to construe the terms of the plan," the decision to deny benefits is reviewed for abuse

of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Under

the abuse of discretion standard, the review of a claim is limited to the information

available to (and considered by) the plan fiduciary at the time its determination was

made. Conley v. Pitney Bowes, 176 F.3d 1044, 1049 (8th Cir. 1999), cert. denied, 528

U.S. 1136 (2000). Here, Dr. Bridges' "affidavit" was written long after the plan fiduciary

made its decision; therefore, it should not be considered as evidence in the Court's

---

[1]As pointed out by defendant, this "affidavit" actually appears to be an
unnotarized letter, dated May 27, 2005, and filed with the Court on May 31, 2005.

determination as to whether the plan fiduciary abused its discretion in denying plaintiff benefits.

Therefore, for the foregoing reasons, defendant's motion to strike (Doc. No. 16) is **GRANTED.**  The affidavit of Dr. Leonard Bridges (Doc. No. 14) shall be **STRICKEN** from the record.

**IT IS SO ORDERED.**

                                             **/S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   September 7, 2005
Kansas City, Missouri

2